**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4624**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREI TURSKI,

Defendant - Appellee.

**No. 16-4625**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIRILL KOROTKOV,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:16-cr-00038-MHL-1; 3:16-cr-00038-MHL-2)

Submitted: September 15, 2017                    Decided: November 7, 2017

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles A. Gavin, Richmond, Virginia; Geremy C. Kamens, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, for Appellants. Dana J. Boente, United States Attorney, Thomas A. Garnett, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After the district court denied their joint motion to suppress evidence, Andrei Turski and Kirill Korotkov each entered a conditional guilty plea to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). On appeal, they assert that the district court erred in denying the motion to suppress because law enforcement officials acted without probable cause in arresting them without a warrant. We affirm.

"When a district court has denied a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). This Court views the evidence in the light most favorable to the Government, the party that prevailed below. *Id.*

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017).

> Probable cause is determined by a totality-of-the circumstances approach. While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict. It is an objective standard of probability that reasonable and prudent persons apply in everyday life. The probable-cause inquiry turns on two factors: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct.

*Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017) (citations and internal quotation marks omitted).

"The collective-knowledge doctrine . . . holds that when an officer acts on an instruction from another officer, the act is justified if the instructing officer had sufficient information to justify taking such action [himself]; in this very limited sense, the instructing

3

officer's knowledge is imputed to the acting officer. *United States v. Massenburg*, 654 F.3d 480, 492 (4th Cir. 2011). The doctrine, however, does not allow a court "to aggregate bits and pieces of information from among myriad officers." *United States v. Patiutka*, 804 F.3d 684, 691 (4th Cir. 2015). Accordingly, probable cause is determined by reviewing the totality of the circumstances known to Sergeant Obranovich at the time he ordered the arrest of Turski and Korotkov.

We have reviewed the record and the district court's thorough explanation of its findings and conclude that the warrantless arrests of Turski and Korotkov were clearly supported by probable cause that they were engaging, or had engaged, in criminal activity. Thus, the district court did not err when it denied the motion to suppress.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*